IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAKOV DRABOVSKIY, | : |
|     Petitioner | : |
| v. | : CIVIL NO. 3:CV-15-964 |
| WARDEN, YORK COUNTY PRISON, | : (Judge Conaboy) |
|     Respondent | : |

FILED
SCRANTON

MAY 0 3 2016

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

    Yakov Drabovskiy filed this <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison, York, Pennsylvania, Named as Respondent is the Warden of the York County Prison.  Service of the petition was previously ordered.

    According to the undisputed record, Petitioner is a native and citizen of Russia who entered the United States as a refugee.  While in this country he was convicted of an aggravated felony for drug trafficking.  As a consequence of that conviction, an Immigration Judge ordered his removal from the United States on April 6, 2007. During 2010, the Petitioner was sentenced by the Unites States District Court for the Western District of Louisiana to a 28 month term of imprisonment after being found guilty of multiple counts of failure to

1

depart.  Following completion of that sentence he was transferred into ICE custody on May 4, 2015.

Petitioner's pending § 2241 petition challenges his indefinite detention pending removal under the standards announced in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001) and for failure to timely effect his removal.

## Discussion

On May 2, 2016, Respondent filed a "Suggestion of Mootness." Doc. 18, p. 1.  The notice states that Petitioner was released from ICE detention on November 12, 2015 pursuant to an order of supervision.  Accordingly, Respondent contends that since Petitioner has been afforded the sole relief sought by his pending action, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings.  Parties must continue to have a "'personal stake in the outcome' of the lawsuit." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990); <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  <u>Lewis</u>, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the

2

<u>continuing</u> existence of a live and acute controversy." <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Id</u>. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974)); <u>see</u> <u>also</u> <u>Gaeta v. Gerlinski</u>, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Drabovskiy sought his immediate release from ICE detention. A submitted copy of an Order of Supervision issued by ICE in Petitioner's case confirms that he has been granted release from detention. <u>See</u> Doc. 18-1. Since Petitioner has been afforded the relief sought by his pending action, under the principles set forth in <u>Steffel</u>, Drabovskiy's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

*[signature]*
RICHARD P. CONABOY
United States District Judge

DATED: MAY 3rd, 2016

3